Ernest CALDERON et al.,
Plaintiffs-Appellants,

v.

D. Kenneth McGEE et al.,
Defendants-Appellees.

No. 76–2264.

United States Court of Appeals,
Fifth Circuit.

Feb. 16, 1979.

Linda Hanten, Vilma S. Martinez, Joaquin G. Avila, Mexican American Legal Defense & Ed. Fund, San Francisco, Cal., for plaintiffs-appellants.

Robert J. Reinstein, Jessica D. Silver, Attys., Dept. of Justice, Washington, D.C., for the U.S., amicus curiae.

Minor L. Helm, Jr., Nina B. Eldridge, Waco, Tex., for defendants-appellees.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion 11–14–78, 5 Cir., 1978,
584 F.2d 66).

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

The petition for rehearing is granted. That portion of our opinion holding that the election plan before us had been precleared under section 5 of the Voting Rights Act, 42 U.S.C.A. § 1973c, is vacated. We remand the case to the district court for further proceedings consistent with the following.

The petition for rehearing argues that our affirmance of the election plan contained in the district court judgment as a legislative plan is erroneous because, in order to be a legislative plan subject to review under *Wise v. Lipscomb*, 437 U.S. 535, 98 S.Ct. 2493, 57 L.Ed.2d 411 (1978), the plan would have to be approved by the Attorney General or the District Court of the District of Columbia under section 5 of the Voting Rights Act, 42 U.S.C.A. § 1973c. Our opinion held that the election plan, having been submitted to the Attorney General and no objection being made, stood approved within the meaning of the Act. An amicus brief filed by the United States Government at this juncture in the litigation indicates that the plan had been considered a court-ordered plan when submitted to the Attorney General, for which no approval was necessary. Hence, the failure to object to the plan was not tantamount to approval under the Act. *Wise v. Lipscomb, supra*, at 542, 98 S.Ct. at 2498, 57 L.Ed. at 418 n. 6. This raises both a legal issue and a factual issue which cannot be resolved on the record before this Court. We therefore, remand to the district court for reconsideration of the question of whether section 5 of the Voting Rights Act has been complied with so that this election plan can be finally approved by the Court as a legislative plan.

If section 5 has not been properly complied with, then the School District should be directed to seek section 5 approval. If section 5 approval is given, then the district court will be justified in entering a judgment approving the election plan as a legislative plan, since we have here held that the 5–2 plan is constitutional. If such approval is not given, the legal question may arise as to whether the Attorney General was acting within section 5 discretion in disapproving the plan. If the Attorney General disapproves the plan, acting within section 5 authority, then *Wise v. Lipscomb, supra*, would seem to require that a new election plan be devised, either legislatively for section 5 approval or by court order, it being

clear that the Supreme Court decisions mandate that a court-ordered plan be a single member district plan in the absence of special circumstances, even though a hybrid election plan might be constitutional, *e. g., East Carroll Parish School Board v. Marshall*, 424 U.S. 636, 96 S.Ct. 1083, 47 L.Ed.2d 296 (1976).

REMANDED.